**Ex parte David MENDOZA.**

No. 39916.

Court of Criminal Appeals of Texas.

Dec. 7, 1966.

———◆———

No attorney on appeal for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of California.

The Executive Warrant of the Governor of Texas, regular on its face, was introduced in evidence as were the Requisition of the Governor of California, the Complaint and supporting papers.

No brief has been filed in appellant's behalf.

The Complaint pending in California charges that appellant, David Mendoza, "committed the crime of violation of Section 270 of the California Penal Code in that since on or about July 1, 1964, being in the State of Texas, he did commit acts in Texas intentionally resulting in a crime in the County of Ventura, State of California, in that DAVID MENDOZA, being the father of Rita Mendoza, born March 8, 1949, and Jose Andres Mendoza, born December 14, 1952, he did wilfully and without lawful excuse omit to furnish said minor children with necessary food, clothing, shelter, medical attendance and other remedial care, from on or about July 1, 1964 to June 17, 1966, during which time he remained out of the State of California for more than thirty (30) days."

The California Statute referred to in the Complaint. is set out in the application for Requisition and reads:

"A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary clothing, food, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment.

"If the father, during such violation, remains out of the State for thirty days, or if he fails or refuses to comply with the order of a court of competent jurisdiction requiring him to make any provisions for the maintenance, support, medical treatment or other remedial care of such minor child and remains out of the State for ten days without doing so, he is guilty of a felony. * * *"

The Uniform Criminal Extradition Act, Art. 51.13 Vernon's Ann.C.C.P., Section 6, is authority for the surrender of appellant upon the demand of the Governor of California.

The validity or the applicability of that portion of the California Statute under which the failure to provide for the support of a minor child becomes a felony rather than a misdemeanor, because the father remains out of the State of California for 30 days without providing such support, is not for this Court to decide.

 The Uniform Criminal Extradition Act (Art. 51.13 C.C.P., formerly Art. 1008a C.C.P.) applies to misdemeanor as well as felony offenses.

The judgment is affirmed.